IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IMPLICIT NETWORKS INC.,

    Plaintiff,

  v.

F5 NETWORKS INC.,

    Defendant.

                                      /

No. C 10-03365 SI

**ORDER DENYING REQUEST FOR REFERRAL TO MAGISTRATE JUDGE**

    Defendant F5 Networks has requested that this case be referred to a magistrate judge for a determination of whether a member of plaintiff's litigation counsel team, Spencer Hosie, violated the "patent prosecution bar" imposed by the Court's Patent Local Rule 2-2 Model Protective Order. Docket No. 100. F5 argues that evidence from the deposition and privilege logs of plaintiff Implicit's patent prosecution counsel, Randy Gard, indicates that Mr. Hosie was involved in prosecuting a patent related to the patents at issue in this case, after Mr. Hosie received "highly confidential" technical information from F5. F5 believes the matter should be referred to a magistrate judge who can review the underlying privileged documents to determine whether a violation was committed and, if so, the appropriate remedy and sanction. F5 also argues that in the interim, the Court should disqualify Hosie Rice from representing Mr. Gard and Implicit's other prosecution counsel for the patents asserted in this case.

    Implicit opposes the request, arguing that nothing in Mr. Gard's deposition or privilege logs supports the allegation that the prosecution bar was violated. As the issue of whether the prosecution bar was violated turns, primarily, on one phone conversation between Mr. Gard, Mr. Hosie and others,

1  Implicit also notes that it provided F5 with a proffer regarding the substance of that conversation and
2  offered to resume Mr. Gard's deposition to allow F5 to fully explore whether a violation of the
3  prosecution bar occurred in that conversation, but F5 did not take up Implicit's offer.

4      Based on the record before the Court, the Court finds that F5 has not provided sufficient support
5  for its allegation that a violation of the patent prosecution bar may have occurred. If F5 wishes to renew
6  its motion, after taking the resumed deposition of Mr. Gard, F5 may do so by noticed motion and
7  provide the Court with deposition excerpts and other evidence that support its belief that Mr. Hosie
8  violated the patent prosecution bar after highly confidential information was provided by F5 on
9  February 11, 2011.

11  **IT IS SO ORDERED.**

13  Dated: April 26, 2012

                                               SUSAN ILLSTON
                                               UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California