1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IMPLICIT NETWORKS INC,

        Plaintiff,

  v.

F5 NETWORKS INC,

        Defendant.

_____/

No. C 10-03365 SI

**ORDER DENYING MOTION TO COMPEL AND GRANTING MOTION TO QUASH**

Currently before the Court is F5 Networks' motion to compel plaintiff Implicit to resume the deposition of Implicit's prosecution counsel – Randy Gard – as well as Implicit's motion to quash a Rule 30(b)(6) deposition subpoena served on Gard's law firm, Gard & Kaslow, LLP. In a motion filed April 11, 2012, F5 asked this Court to order Implicit to produce a range of documents identified on Mr. Gard's privilege log for review by a magistrate judge to determine whether a member of plaintiff's litigation counsel team, Spencer Hosie, violated the "patent prosecution bar" imposed by the Court's Patent Local Rule 2-2 Model Protective Order. Docket No. 100. The Court denied that request, finding that F5 had not produced sufficient evidence to suggest that a violation of the patent prosecution bar had occurred *after* February 11, 2011 - the date on which the prosecution bar took effect. The denial was without prejudice, and the Court noted that if F5 accepted plaintiff's proffer to resume the deposition of Mr. Gard about the substance of a conversation he had with Mr. Hosie and others (the proffer including a limited waiver as to attorney-client privilege for the contents of that conversation only), F5 could resubmit its request for referral by noticed motion.

United States District Court
For the Northern District of California

1    F5 now seeks this Court's assistance in order to depose Mr. Gard on privileged matters outside

2    of the limited proffer offered by Implicit.  Docket No. 106.  The Court sees no grounds to do so and F5's

3    motion to compel is DENIED.

4    F5 has also served a Rule 30(b)(6) deposition subpoena on Gard & Karlow seeking to compel

5    the person most knowledgeable from that firm – presumably Mr. Gard –  to testify on a range of

6    subjects, including all communications, notes and documents exchanged with the Hosie, Rice firm

7    relating to the patents in suit as well as related patents and patent applications.  *See* Ex. A to Docket No.

8    106.  Implicit objects to and moves to quash the deposition subpoena, arguing that the subpoena is an

9    attempt to secure access to the same attorney-client communications F5 unsuccessfully sought to have

10   produced to a magistrate judge on its prior motion.  The Court agrees and finds that the deposition

11   subpoena should be quashed.  Moreover, the subpoena is fatally overbroad (attempting to delve into

12   communications that occurred prior to the imposition of the patent prosecution bar in February 2011)

13   and seeks production of clearly privileged information (information exchanged between the two law

14   firms as to the patents in suit here,  the '786 application, all related patents and applications, and all

15   related litigation).

16   For the foregoing reasons, F5's motion to compel is DENIED.  Implicit's motion to quash is

17   GRANTED.

18

19

20   **IT IS SO ORDERED.**

21

22

23   Dated: May 23, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

24

25

26

27

28

2