IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IMPLICIT NETWORKS INC,

    Plaintiff,

v.

F5 NETWORKS INC,

    Defendant.

No. C 10-03365 SI

**ORDER DENYING SECOND MOTION TO COMPEL FINANCIAL INFORMATION**

Currently before the Court is Implicit's second motion to compel defendant F5 to provide financial information regarding sales volume, revenue, costs, expenses and profits for each of the Accused Products. Docket No. 123. In Implicit's first motion to compel, Implicit complained that F5 had not produced revenue, cost and expense information on a product-by-product basis, but instead produced a massive spreadsheet that an "outsider" like Implicit could not use to determine the information it sought. Docket No. 120. F5 responded that it did not track revenue, costs and profits on a product-by-product basis but that it had provided the detailed spread sheet and summary that *could* be used to determine F5's revenue, profits and losses for each Accused Product and related products. F5 also noted that it was preparing a supplemental interrogatory response to explain how the spreadsheet was prepared and was willing to produce a deponent to testify as to how the spreadsheet was created and how it could be manipulated to allow Implicit to calculate revenue, costs and profits on a product basis. Docket No. 121.

On July 16, 2012, the Court ordered F5 to produce a Rule 30(b)(6) deponent to testify as to F5's sales volume, revenue, costs, expenses and profits (gross, net, and profit margin) for each of the Accused Products after F5 served a supplemental interrogatory response regarding financial information. Docket No. 122. F5 served its supplemental interrogatory response and Implicit deposed F5's Rule 30(b)(6) witness on August 1, 2012.

Implicit now argues that the Rule 30(b)(6) witness was not prepared to testify and could not testify as to the actual revenue and cost figures for the Accused Products. Implicit asks the Court to reorder F5 to re-produce a witness and extend Implicit's deadline for its damages report by two weeks. F5 responds that the witness produced – John Siegel – was able to testify as to how the financial data provided to Implicit was compiled and how it could be used to show revenue, costs and expenses on a product-by-product basis, but the witness could not have been expected to recite financial figures "off the top of his head."

The Court has reviewed the excerpts of the deposition of John Siegel provide by both sides and finds that Mr. Siegel provided Implicit was sufficient information to allow Implicit to use the information provided by F5 in order to determine revenue, costs and profits on a product-by-product basis. Indeed, Implicit does not argue or attempt to show the Court why it cannot – from the information at hand – secure the information necessary for its damages analysis from the information provided. Implicit's motion to compel is DENIED.

**IT IS SO ORDERED.**

Dated: August 16, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2