IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS INC., <br>     Plaintiff, <br>    v. <br> F5 NETWORKS INC., <br>     Defendant. | No. C 10-03365 SI <br><br> **ORDER RE STIPULATION SEEKING PERMISSION TO FILE UNDER SEAL** |

    Currently before the Court is F5 Network's stipulation seeking leave to file under seal portions of F5's Motion for Summary Judgment of Noninfringement, as well as Exhibits B-C and N-P to the Declaration of Shane Brun and the Declaration of Dr. James Storer. *See* Docket No. 140. Following this Court's order, F-5 submitted a declaration from counsel identifying the documents and portions of documents it seeks to file under seal. Docket No. 146. Counsel argues that the information at issue should be sealed because: (a) it was designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "SOURCE CODE" by F5; and (b) the information contains and discusses "confidential and sensitive" technical information of F5 or third parties.

    Parties, however, cannot rely on designations made pursuant to protective orders in order to justify sealing Court records. *See, e.g.*, Civ. Local Rule 79-5(a) ("A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal."). Moreover, the party must provide specific *reasons* why each portion of information it seeks to file under seal meets the compelling justification standard. F5 has failed to meet

1  this standard. Compelling reasons, as recognized in the Ninth Circuit, include protecting information
2  which might be used for improper purpose (*e.g.*, to promote public scandal, circulate libelous
3  statements) or protect trade secrets. *See In re Midland Nat'l Life Ins. Co Annuity Sales Practices Litig.*
4  *v. Allianz Life Ins. Co. of N. Am.*, 686 F.3d 1115, 1120 (9th Cir. 2012).

   The Brun Declaration submitted in support of the proposed sealing provides only generalizations and does not allow this Court to conclude the information at issue should be sealed. For example, F5 seeks to seal large portions of its summary judgment brief. Those portions of F5's brief appear to discuss in *broad* terms how F5's product operate – facts which would presumably be known by F5's potential and actual customers and potentially disclosed in marketing materials. Similarly, F5 seeks to seal entire exhibits (*e.g.*, Exhibit B to the Brun Declaration, Claim Chart) when those exhibits appear to contain general information regarding F5's products. F5's request, therefore, appears to be overbroad and not narrowly tailored to protect, for example, highly sensitive source code.

   On the current record, F5 has failed to adequately justify the sealing of all of the information it seeks to protect from public disclosure. Within **five days** of the date of this Order, F5 must submit a declaration from F5, not from F5's counsel, which justifies for each item it seeks to seal why each item is a trade secret (how the information is protected by F5, it is not otherwise known by others outside of F5, etc.) and how disclosure would risk causing a specific type of harm to F5. If F5 fails to make the required showing as to any part of the information it seeks to seal, the Court will order that the information be publicly filed.

   **IT IS SO ORDERED.**

Dated: November 14, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE