IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS INC, <br><br> Plaintiff, <br><br> v. <br><br> F5 NETWORKS INC, <br><br> Defendant. | No. C 10-03365 SI <br><br> **ORDER RE PARTIES' APPLICATIONS TO FILE UNDER SEAL F5's HIGHLY CONFIDENTIAL INFORMATION** |

Currently before the Court are the following applications for leave to file under seal: (1) Stipulation for leave to file under seal portions of F5's Motion for Summary Judgment of Non-Infringement and related exhibits [Docket Nos. 140, 145]; and the parties' (2) Stipulation for Leave to File Under Seal, narrowing the scope of the information the parties request be filed under seal. [Docket Nos. 151, 155]. In the most recent filing, the parties seek to file under seal certain portions of the Storer Declaration filed in support of F5's Motion for Summary Judgment of Non-Infringement; portions of the Nettles Declaration submitted in support of Implicit's Opposition; and portions of Implicit's Opposition. The Declaration of Dave Schmitt, submitted in support of the narrowed sealing request, asserts that sealing of the information at issue is necessary because disclosure of the "source code and technical design details" for F5's products could jeopardize the security of its products and would allow competitors to copy F5's technology. Schmitt also argues that portions of the Nettles Report which describe specific products purchased by and specific services provided to named customers of F5 should

be sealed because disclosure would violate non-disclosure agreements and "could cause competitive harm."

The Court GRANTS the application to seal with respect to the information discussing F5's "source code and technical detail design." However, the Court DENIES F5's request to seal information regarding specific products purchased by and specific services provided to named customers. F5 has not shown that customers would likely suffer any specific type of damage by release of the information regarding which products they purchased (*e.g.*, that the customers could be hacked or the security of their systems be compromised). A generalized assertion that "competitive harm" could result from release of the information is not sufficient to demonstrate compelling reasons to seal that overcome the public's right of access to court documents.

Therefore, the portions of documents identified by the Schmitt Declaration may be filed under seal *only* to the extent they disclose source code and technical design details of F5's products. F5 shall ensure that the public version of the Storer Declaration and attachments e-filed in the docket redact only the information allowed by this Order.

Implicit shall ensure that the public versions of the following documents e-filed in the docket redact only the information allowed by this Order: Implicit's Opposition to F5's Motion for Summary Judgement of Non-Infringement [Docket No. 156]; the Nettles Declaration and Attachments [Docket No. 157]; and Exhibit 3 of the Hosie Declaration [Docket No. 158].[1]

**IT IS SO ORDERED.**

Dated: November 26, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[1] F5 and Mr. Schmitt fail to address whether Exhibit 3 to the Declaration of Spencer Hosie should likewise be filed under seal. *See* Docket No. 155. However, as Exhibit 3 to the Hosie Declaration contains deposition testimony regarding the same information F5 seeks to seal in Implicit's Opposition, the Court GRANTS the request to seal the portions of Exhibit 3 that reference F5's source code or technical design details.